## In re New Britain School District Audit

*Webster S. Achey,* for auditors; *Vanartsdalen & Biester,* for school board.

BOYER, J., July 2, 1934.—This is an appeal from the report of the borough auditors in the audit of the accounts of the board of directors of the School District of the Borough of New Britain, wherein the auditors surcharged the said officers with various items of credit for bills paid and sinking fund investments claimed by them in their financial statement for the year 1932-33. The matter came up de novo on hearing, and a great volume of testimony was taken before this court in support of the appeal and to justify the credits for expenditures and sinking fund investments which the directors claim. From the testimony

produced before the court, we are entirely satisfied as to the correctness of the expenditures of the board of directors and that they were made lawfully and in good faith. Likewise, all doubt was removed as to the investments of the sinking funds by the production of the bonds in court. However, we feel that some comment is justified for the future guidance of these and perhaps of other official municipal boards in the county.

There may have been some justification for several of the items of surcharge, in view of the scant proofs produced to the auditors by the school board as to the nature and details of some of the expenditures. Possibly all these might have been avoided had there been better coöperation between the auditors and the school directors, the former in the method of conducting the audit, and the latter, at least the treasurer, in showing a willingness and real desire to satisfy the auditors of the correctness of their accounts. We feel that the difficulties were not real and did not grow out of the manner in which the directors actually handled their official affairs, but rather out of an unfortunate personal antagonism between one or more members of each board. The auditors should not have been so insistent upon the production of only one kind of evidence of payments, namely, receipts, and the directors, on the other hand, if they did not have receipts, should have made real efforts to secure them or should have offered other evidence besides their checks to show the items of each bill paid when requested to do so. A board of directors should always remember that auditors have a right to have evidence produced before them to prove the correctness of the accounts under consideration. The accounting board should not wait until the auditors make peremptory demands for proofs, but should comply with the slightest intimation on the part of auditors that they would like to have certain documents or evidence brought before them. Likewise, the auditors should not make unnecessary and arbitrary demands where there does not appear to have been any real necessity therefor or grounds to suspect actual fraud or error.

The manner of conducting this audit is also subject to criticism in that the two boards failed to meet jointly at a specified place at the time provided by the act of assembly, and in that there were personal interviews and conferences between individual auditors and individual members of the board of school directors. For an auditor to call at the residence of a particular school director for the purpose of conducting his official business is unwise and likely to lead to difficulties and dispute. The annual meeting of the two boards should be attended by all the members of each board, and if the business cannot be completed at that time the two boards should adjourn to another definite time and place and have no further conferences between individual members on official business until such adjourned meeting.

Now, July 2, 1934, the appeal is sustained, the surcharges of the auditors are stricken off, and the accounts of the board of directors are approved and confirmed. The costs of this appeal, without witness fees, are directed to be paid out of the funds of the school district.